*955 OPINION OF THE COURT
Paul A. Goetz, J.
By notice of petition and petition, Northern Leasing Systems, Inc. seeks leave of court to serve additional restraining notices pursuant to Civil Practice Law and Rules § 5222 (c) upon Wells Fargo Bank, N.A. The petition alleges “Petitioner is a judgment creditor pursuant to respective judgments entered by this Court which are each identified in the schedule annexed hereto as Ex. A.” The schedule annexed to the petition as exhibit A purports to contain the index numbers, parties, judgment amounts and dates the judgments were entered in 89 different cases. On the return date of the instant petition, respondent did not appear.
CPLR 5222 (c) provides in relevant part that “[ljeave of court is required to serve more than one restraining notice upon the same person with respect to the same judgment or order.” The question the court must resolve is whether petitioner may seek the relief it requests by initiating this separate special proceeding against the respondent or must petitioner make its request in each of the actions that gave rise to the judgments it obtained against the individual judgment debtors.
Service of initial restraining notices does not require leave of court and may be issued by a judgment creditor’s attorney and served on a garnishee. The restraining notice enjoins the person or entity served from turning over the judgment debtor’s property except to the sheriff or pursuant to a court order (CPLR 5222; David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:l at 200 [1997 ed]).
CPLR article 52 does permit special proceedings to enforce money judgments under certain circumstances. For example, CPLR 5225 allows a judgment creditor to initiate a special proceeding to request an order directing a person in possession of money or property in which the judgment debtor has interest to turn the property or money over to the judgment creditor (a “turn-over order”). CPLR 5239 permits a judgment creditor to bring a special proceeding to resolve disputes with other claimants to the judgment debtor’s property.
Unlike CPLR 5225 and 5239, CPLR 5222 does not explicitly provide for the initiation of a special proceeding. Indeed, while restraining notices are often characterized as a “supplementary *956 proceeding,” the restraining notice is not a special proceeding* (CPLR 5222; David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:l at 200 [1997 ed]). A restraining notice “is just an enforcement device, and it is deemed an adjunct of the action that gave rise to the judgment and bears the caption of that action” (id.). Therefore, the court holds that where, as here, a judgment creditor seeks leave to serve an additional restraining notice under CPLR 5222 (c), the judgment creditor is not permitted to request such leave by way of a special proceeding pursuant to CPLR article 4. Instead, the judgment creditor must seek leave to serve its additional restraining notice pursuant to CPLR 5222 (c) by bringing a motion in the underlying action giving rise to the judgment.
The court concludes that because petitioner seeks leave to serve a second restraining notice by way of this special proceeding, it chose the wrong procedural vehicle to request the relief it seeks and as a result the petition must be dismissed.
Accordingly, it is hereby ordered petitioner’s request to serve additional restraining notices is denied; and it is further ordered the petition is dismissed.

 Special proceedings are governed by CPLR article 4. “The party commencing a special proceeding shall be styled the petitioner and any adverse party the respondent” (CPLR 401). “There shall be a petition, which shall comply with the requirements for a complaint in an action” (CPLR 402). “A notice of petition shall specify the time and place of the hearing on the petition” (CPLR 403).